UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY H.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 3:25-CV-5882-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of certain medical opinion evidence. Had the ALJ properly considered this evidence, Plaintiff's residual functional capacity ("RFC") may have included additional limitations or the ultimate determination of disability may have changed. The ALJ's error is, therefore, not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I.      Factual and Procedural History

Plaintiff unsuccessfully applied for disability benefits in 2007, 2010, and 2014.[2] *See* Dkt. 7, Administrative Record ("AR") 83–158. Plaintiff protectively filed a new application for SSI on October 15, 2018, alleging disability beginning on January 1, 1999. AR 365–76. Through counsel, she later amended the alleged date of disability onset to the protective filing date. AR 51. Her application was denied at the initial level and on reconsideration. AR 159–72, 189–98. She requested a hearing before an ALJ, which took place on June 14, 2022. AR 43–70, 199–202. A second hearing was held on January 10, 2023. AR 71–82. Plaintiff was represented by counsel at the hearings. *See* AR 43, 71. On February 8, 2023, the ALJ issued an unfavorable decision denying benefits. AR 15–42. The Appeals Council denied Plaintiff's request for review. AR 1–7. Plaintiff appealed to this Court, which remanded the case for further proceedings. AR 835–40. Another hearing took place on May 8, 2025. AR 775–99. On June 17, 2025, the ALJ issued another unfavorable decision finding Plaintiff had not been under a disability since October 15, 2018. AR 739–74. Plaintiff again appealed to this Court. *See* Dkts. 1, 5.

In the final decision dated June 17, 2025, the ALJ found Plaintiff had the severe impairments of affective disorder, anxiety disorder, and personality disorder. AR 746. Despite these impairments, the ALJ found Plaintiff had the RFC to perform a full range of work at all exertional levels with specific nonexertional limitations: "she can understand, remember, and

---

[2] In the most recent decision, the ALJ found the presumption of continuing non-disability had been rebutted. AR 743.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

carry out simple and detailed instructions that can be learned in 30 days or less. She can have occasional contact with the general public and coworkers and supervisors." AR 750.

## II.    Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

"[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

## III.    Discussion

Plaintiff argues the ALJ erred in evaluating certain medical opinion evidence and Plaintiff's testimony about the severity of her symptoms. Dkt. 15 at 1. She contends the proper remedy for these errors is remand for an award of benefits. *Id.*

A. *Medical Opinion Evidence*

Plaintiff contends the ALJ erred in evaluating medical opinion evidence from K.M. Mansfield-Blair, Ph.D.; Wendy Hartinger, Psy.D.; and LMHC Pat Beck. Dkt. 15 at 1. When evaluating medical opinion evidence, ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s). . . ." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[3] Instead, ALJs must consider every medical opinion or prior administrative medical finding in the record and evaluate the persuasiveness of each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

The two most important factors affecting an ALJ's determination of persuasiveness are the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1). An opinion is more "supportable," and thus more persuasive, when the source provides more relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. § 416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an

---

[3] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Plaintiff argues the ALJ failed to articulate legally sufficient reasons for not adopting all of Dr. K.M. Mansfield-Blair's opined limitations. Dkt. 15 at 4–11. On August 17, 2022, Dr. Mansfield-Blair performed a psychiatric evaluation of Plaintiff based on a clinical interview and a review of mental health records from May to November 2019. AR 610–15. Dr. Mansfield-Blair noted diagnoses of major depressive disorder, recurrent, moderate; post-traumatic stress disorder, chronic; and (rule-out) borderline intellectual functioning. AR 614. Dr. Mansfield-Blair opined Plaintiff's mental health prognosis was "guarded" and she would likely benefit from mental health therapy and psychotropic medication. *Id.*

Dr. Mansfield-Blair opined Plaintiff "would not have difficulty" dealing with the usual stress encountered in the workplace; "would have a low to moderate level of difficulty" performing simple and repetitive tasks and performing work activities on a daily basis without special or added instruction; and "would have a moderate to high level of difficulty" performing detailed and complex tasks.  AR 614–15. Further, Dr. Mansfield-Blair wrote Plaintiff "would have difficulty" accepting instruction from supervisors, interacting with coworkers, and "maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition, given she reportedly receives no mental health treatment." *Id.* Dr. Mansfield-Blair opined Plaintiff would not be able to manage funds in her own interest. AR 614.

The ALJ found Dr. Mansfield-Blair's opinion "somewhat persuasive," writing it was "only partially consistent with the record and supported by the evidence." AR 756. The ALJ accepted the "largely moderate cognitive and social functioning limitations assessed by Dr.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

Mansfield-Blair," finding these were "generally consistent with those found by both state agency evaluators, Drs. Comrie and Flanagan, and well-supported by the evidence in the record[.]" AR 757.

The only one of Dr. Mansfield-Blair's findings that the ALJ specifically discussed was the opinion that Plaintiff "would have difficulty maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition, given she reportedly receives no mental health treatment." AR 615, 757. The ALJ took issue with the fact that Dr. Mansfield-Blair "fail[ed] to define interruption," did not specify the nature, frequency, or duration of the interruptions, did not explain the degree of difficulty Plaintiff would have, and "did not link the interruptions to a specific mental health impairment or symptom." AR 757.

But the ALJ did not explain whether or why he rejected any other opined limitations, except the above-referenced statement that the "largely moderate cognitive and social functioning limitations" were supported by and consistent with the record. It is not clear whether the ALJ similarly rejected the other two areas with which Dr. Mansfield-Blair opined Plaintiff "would have difficulty"—accepting instruction from supervisors and interacting with coworkers—for the same failure to explain the degree of difficulty or if the ALJ intended to account for this "difficulty" by limiting Plaintiff to occasional contact with coworkers and supervisors. *See* AR 750. As noted above, the Court cannot affirm an ALJ's decision by supplying a rationale that was not provided in the opinion. *See Garrison*, 759 F.3d at 1010; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

intuit what the adjudicator may have been thinking.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

Further, the ALJ did not specify why he rejected Dr. Mansfield-Blair's opinion that Plaintiff would have a "moderate to high level of difficulty performing detailed and complex tasks[.]" AR 614. The RFC provides that Plaintiff "can understand, remember, and carry out simple and detailed instructions that can be learned in 30 days or less." AR 750. Although this provision limits Plaintiff to simple instructions, it allows for detailed instructions, with which Dr. Mansfield-Blair indicated Plaintiff would have up to a "high" level of difficulty. The ALJ provided only the general statement that Dr. Mansfield-Blair's examination findings "[do] not support greater limitations than provided for in the residual functional capacity." AR 756–57. Without an explanation for why the ALJ discounted this finding, the Court cannot determine whether the ALJ properly considered all portions of Dr. Mansfield-Blair's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Accordingly, the ALJ erred.

Had the ALJ properly considered this evidence, the RFC may have included additional limitations or the ultimate determination of disability may have changed. Therefore, the ALJ's error is not harmless and requires reversal.[4]

  B.  *Remedy*

Plaintiff argues the proper remedy for the ALJ's errors is remand for an immediate award of benefits. Dkt. 15 at 1, 18; Dkt. 18 at 5.

---

[4] Because the Court finds the ALJ harmfully erred in assessing Dr. Mansfield-Blair's opinion evidence, the Court declines to address Plaintiff's additional challenges to the ALJ's evaluation of medical opinion evidence from Wendy Hartinger, Psy.D., and LMHC Pat Beck.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *see also Garrison*, 759 F.3d at 1020.

An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts or that no issues remain that must be resolved. Because there are outstanding issues that must be resolved concerning Plaintiff's functional capabilities and her ability to

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

perform other jobs existing in significant numbers in the national economy, remand for further administrative proceedings is appropriate.

C. *Remaining Issues*

Plaintiff further contends the ALJ failed to properly evaluate Plaintiff's testimony about the severity of her symptoms. Dkt. 15 at 1. As noted above, the Court concludes the ALJ committed harmful error in assessing certain medical opinion evidence and remand for further proceedings is appropriate. Because Plaintiff may be able to present new evidence and new testimony on remand, the ALJ must reconsider all the medical evidence in the record. Accordingly, on remand, the ALJ is instructed to re-evaluate the entire sequential evaluation process. *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447-PLA, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two physicians' findings).

**IV.    Conclusion**

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled beginning October 15, 2018. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 25th day of June, 2026.

David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9